**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **FLICK INTELLIGENCE, LLC,**  )<br>  **Plaintiff,**  )<br>  )<br>**v.**  )<br>  )<br>**APPLE, INC.,**  )<br>  **Defendant.**  ) | **Civil Action No. 6:23-cv-00057**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Flick Intelligence LLC ("Plaintiff" or "Flick") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent Nos. 9,465,451 ("the '451 patent") and 9,965,237 ("the '237 patent") (collectively referred to as the "Patents-in-Suit") by Apple, Inc. ("Defendant" or "Apple").

**I.   THE PARTIES**

1.   Plaintiff is a Texas Limited Liability Company with its principal place of business located in Harris County, Texas.

2.   On information and belief, Defendant is a corporation organized and existing under the laws of the State of CA, with a regular and established place of business located at 12535 Riata Vista Circle, Austin Texas. On information and belief, Defendant sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Texas and this judicial district. Defendant can be served with process through their registered agent, C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201, at its place of business, or anywhere else it may be found.

**II.   JURISDICTION AND VENUE**

1

3. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

4. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas and this District.

### III. INFRINGEMENT

#### A. Infringement of the '451 Patent

6. On October 11, 2016, U.S. Patent No. 9,465,451 ("the '451 patent", included as Exhibit A and part of this complaint) entitled "Method, system and computer program product for obtaining and displaying supplemental data about a displayed movie, show, event or video game," was duly and legally issued by the U.S. Patent and Trademark Office. Flick Intelligence, LLC, owns the '451 patent by assignment.

7. The '451 patent relates to a novel and improved method, system and computer program product for displaying additional information about a displayed point of interest.

8. Defendant offers for sale, sells and manufactures device(s), including but not limited to, iPhone 12 Pro Max, iPhone 12 Pro, iPhone 12, iPhone 12 mini, iPhone 11 Pro Max, iPhone 11 Pro, iPhone 11, iPhone SE 2020, iPhone XR, iPhone XS Max, iPhone XS, iPhone X, iPad Pro 12.9-inch 2020, iPad Pro 11-inch 2020, iPad Pro 11-inch 2018, iPad Pro 12.9-inch 3rd generation, iPad Pro 10.5-inch, iPad Pro 12.9-inch second generation, iPad Pro 12.9-inch first generation, and iPad Pro 9.7-inch and related systems that infringe one or more claims of the '451 patent, including one or more of claims 1-14, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '451 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

9. Support for the allegations of infringement may be found in the preliminary exemplary table attached as Exhibit B. These allegations of infringement are preliminary and are therefore subject to change.

10. Defendant has and continues to induce infringement. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., developing AR application using Apple ARKit allowing a user to identify real objects in the surroundings via a device, including but not limited to, iPhone 12 Pro Max, iPhone 12 Pro, iPhone 12, iPhone 12 mini, iPhone 11 Pro Max, iPhone 11 Pro, iPhone 11, iPhone SE 2020, iPhone XR, iPhone XS Max, iPhone XS, iPhone

X, iPad Pro 12.9-inch 2020, iPad Pro 11-inch 2020, iPad Pro 11-inch 2018, iPad Pro 12.9-inch 3rd generation, iPad Pro 10.5-inch, iPad Pro 12.9-inch second generation, iPad Pro 12.9-inch first generation, and iPad Pro 9.7-inch and related systems) and related services that provide question and answer services across the Internet such as to cause infringement of one or more of claims 1–14 of the '451 patent, literally or under the doctrine of equivalents. Moreover, Defendant has known of the '451 patent and the technology underlying it from at least the date of the filing of the lawsuit.[1] For clarity, direct infringement is previously alleged in this complaint.

11. Defendant has and continues to contributorily infringe. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., developing AR application using Apple ARKit allowing a user to identify real objects in the surroundings via a device, including but not limited to, iPhone 12 Pro Max, iPhone 12 Pro, iPhone 12, iPhone 12 mini, iPhone 11 Pro Max, iPhone 11 Pro, iPhone 11, iPhone SE 2020, iPhone XR, iPhone XS Max, iPhone XS, iPhone X, iPad Pro 12.9-inch 2020, iPad Pro 11-inch 2020, iPad Pro 11-inch 2018, iPad Pro 12.9-inch 3rd generation, iPad Pro 10.5-inch, iPad Pro 12.9-inch second generation, iPad Pro 12.9-inch first generation, and iPad Pro 9.7-inch and related systems) and related services that provide question and answer services across the Internet such as to cause infringement of one or more of claims 1–14 of the '451 patent, literally or under the doctrine of equivalents. Moreover, Defendant has known of the '451 patent and the technology underlying it from at least the filing date of the lawsuit.[2] For clarity, direct infringement is previously alleged in this complaint.

12. Defendant has caused and will continue to cause Plaintiff damage by direct and indirect infringement of (including inducing infringement of) the claims of the '451 patent.

---

[1] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.
[2] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.

### B. Infringement of the '237 Patent

13. On May 16, 2016, U.S. Patent No. 9,965,237 ("the '237 patent", included as Exhibit C and part of this complaint) entitled "Methods, systems and processor-readable media for bidirectional communications and data sharing," was duly and legally issued by the U.S. Patent and Trademark Office. Flick Intelligence, LLC, owns the '237 patent by assignment.

14. The '237 patent relates to a novel and improved methods, systems and processor - readable media for supporting bidirectional communications and data sharing.

15. Defendant offers for sale, sells and manufactures device(s), including but not limited to, iPhone 12 Pro Max, iPhone 12 Pro, iPhone 12, iPhone 12 mini, iPhone 11 Pro Max, iPhone 11 Pro, iPhone 11, iPhone SE 2020, iPhone XR, iPhone XS Max, iPhone XS, iPhone X, iPad Pro 12.9-inch 2020, iPad Pro 11-inch 2020, iPad Pro 11-inch 2018, iPad Pro 12.9-inch 3rd generation, iPad Pro 10.5-inch, iPad Pro 12.9-inch second generation, iPad Pro 12.9-inch first generation, and iPad Pro 9.7-inch and related systems that infringe one or more claims of the '237 patent, including one or more of claims 1-16, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '237 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

16. Support for the allegations of infringement may be found in the preliminary exemplary table attached as Exhibit D. These allegations of infringement are preliminary and are therefore subject to change.

17. Defendant has and continues to induce infringement. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., developing AR application using Apple ARKit allowing a user to identify real objects in the surroundings via a device, including but not limited to, iPhone 12 Pro Max, iPhone 12 Pro, iPhone 12, iPhone 12 mini, iPhone 11 Pro Max, iPhone 11 Pro, iPhone 11, iPhone SE 2020, iPhone XR, iPhone XS Max, iPhone XS, iPhone X, iPad Pro 12.9-inch 2020, iPad Pro 11-inch 2020, iPad Pro 11-inch 2018, iPad Pro 12.9-inch 3rd generation, iPad Pro 10.5-inch, iPad Pro 12.9-inch second generation, iPad Pro 12.9-inch first generation, and iPad Pro 9.7-inch and related systems) and related services that provide question and answer services across the Internet such as to cause infringement of one or more of claims 1–16 of the '237 patent, literally or under the doctrine of equivalents. Moreover, Defendant has known of the '237 patent and the technology underlying it from at least the date of the filing of the lawsuit.[3] For clarity, direct infringement is previously alleged in this complaint.

18. Defendant has and continues to contributorily infringe. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., developing AR application using Apple ARKit allowing a user to identify real objects in the surroundings via a device, including but not limited to, iPhone 12 Pro Max, iPhone 12 Pro, iPhone 12, iPhone 12 mini, iPhone 11 Pro Max, iPhone 11 Pro, iPhone 11, iPhone SE 2020, iPhone XR, iPhone XS Max, iPhone XS, iPhone X, iPad Pro 12.9-inch 2020, iPad Pro 11-inch 2020, iPad Pro 11-inch 2018, iPad Pro 12.9-inch 3rd generation, iPad Pro 10.5-inch, iPad Pro 12.9-inch second generation, iPad Pro 12.9-inch first generation, and iPad Pro 9.7-inch and related systems) and related services that provide question

---

[3] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.

and answer services across the Internet such as to cause infringement of one or more of claims 1–16 of the '237 patent, literally or under the doctrine of equivalents. Moreover, Defendant has known of the '237 patent and the technology underlying it from at least the filing date of the lawsuit.[4] For clarity, direct infringement is previously alleged in this complaint.

19. Defendant has caused and will continue to cause Plaintiff damage by direct and indirect infringement of (including inducing infringement of) the claims of the '237 patent.

### IV.   JURY DEMAND

Plaintiff hereby requests a trial by jury on issues so triable by right.

### V.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a. enter judgment that Defendant has infringed the claims of the Patents-in-Suit;

b. award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement of the Patent-in-suit in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c. award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d. declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees, expenses, and costs incurred in this action;

e. declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

---

[4] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.

f.  a decree addressing future infringement that either (if) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patent-in-suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and

g.  award Plaintiff such other and further relief as this Court deems just and proper.

DATED: January 27, 2023

Respectfully submitted,

**Ramey LLP**

*/s/ William P. Ramey, III*
William P. Ramey, III
Texas Bar No. 24027643
wramey@rameyfirm.com

Jeffrey E. Kubiak
Texas Bar No. 24028470
jkubiak@rameyfirm.com

5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)

*Attorneys for FLICK INTELLIGENCE, LLC*